UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD EHINGER,

    Plaintiff,

                                                                       Case No. 2:07-cv-44

v.                                                            HON. GORDON J. QUIST

UNITED STATES OF AMERICA, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Ronald Ehinger filed this *pro se* civil rights action in which he appears to be suing the United States of America, the United States Forest Service, the State of Michigan, and Forest Service Officer S. Drake. Plaintiff's complaint is largely incoherent, but he appears to be claiming that he received "citation tickets" in violation of numerous rights. The undersigned notes that Plaintiff currently has a Magistrate Judge case pending in this court in which he is contesting the "citation tickets." *See United States v. Ehinger*, No. 2:07-mj-6 (W.D. Mich.). Plaintiff seeks compensatory and punitive damages.

Initially, the undersigned notes that Plaintiff may not maintain a § 1983 action against the State of Michigan. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101

(1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the undersigned recommends dismissal of Defendant State of Michigan.

Moreover, Plaintiff's potential *Bivens*[1] claims will not accrue unless he is successful in his challenge to the allegedly improper citations. *Ruff v. Runyon*, 258 F.3d 498, 503 (6th Cir. 2001). Therefore, the undersigned recommends dismissal of Defendants United States of America, United States Forest Service, and Drake.[2]

Furthermore, should the court adopt the report and recommendation in this case, Plaintiff's pending motions (docket ##3-13) are properly denied as moot.

In addition, for the same reasons that the undersigned recommended dismissal of this action, the undersigned discerns no good-faith basis for an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1961).

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] A district court may, at any time, *sua sponte* dismiss a *pro se* non-prisoner complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, even where the plaintiff has paid the filing fee, when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), *cert. denied* 528 U.S. 1198 (2000).

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: March 27, 2007